(No. 479█

M. J. HOLLERAN, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 11, 1958.*

GORDON B. NASH, Attorney for Claimant.

LATHAM CASTLE, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

Fearer, J.

M. J. Holleran, Inc., by Gordon Nash, its attorney, filed a complaint in this Court against respondent on December 23, 1957. No answer was filed by respondent, and it is, therefore, being considered that a general traverse of the allegations set forth in the complaint is made by respondent under the rules of this Court.

The record consists of:

1. Departmental Report.
2. Stipulation of facts.
3. Commissioner's Report.

This case was referred to Commissioner Immenhausen, who filed his report herein on October 16, 1958.

The present claim is an outgrowth of a contract entered into with respondent, Department of Public Works and Buildings on February 8, 1954 for certain heating installations, and for rehabilitation of the heating system in various buildings at the Alton State Hospital, Alton, Illinois, contract No. 68144, (exhibit A).

It appears from the record that claimant was required to deviate from the original contract and drawings during the course of the contract. It further appears that, on April 11, 1955, a letter was written by an agent of claimant to the Division of Architecture and Engineering of the Department of Public Works and Buildings advising said Department of the necessity for such deviation.

Claimant performed its services, and supplied material in accordance with the original contract. It subsequently furnished drawings, and an itemization of material and labor necessary for the additional work it had to do, which was a deviation from the original contract. All of the services performed were done in a satisfactory manner, (exhibit B).

Subsequent to the completion of the extra work, i.e., August 10, 1956, a letter was written by claimant to the Department discussing the itemization on the breakdown for additional work and costs for material and labor in the total sum of $9,782.41, (exhibit C).

In response, on April 10, 1957, a letter was written by Otto L. Bettag to E. A. Rosenstone, Director of the Department of Public Works and Buildings, advising the Director that the Division of Architecture and Engineering had made inspections of the additional work and recommended the bills for payment.

The reason that the bills could not be paid was because of the lapse of the appropriation for the 68th Biennium. It appears that there was a sufficient sum of money remaining on hand at the time the appropriation lapsed to pay this claim in full.

There appears to be no question but that the work was performed in a satisfactory manner, and that the charges made therefor were fair and reasonable.

The basis for the claim, the reasonableness of the claim, and the recommendation of payment are borne out by a stipulation entered into between claimant, by its attorney, and respondent, by the Attorney General, at the time of the hearing before Commissioner Immenhausen on June 11, 1958.

Said stipulation, in substance, is as follows:

1. The stipulation refers to contract No. 68144, a photostatic copy of which is attached thereto as exhibit No. 1-A.
2. Claimant found it necessary to deviate from the original contract and drawings. On April 11, 1955, M. J. Holleran, Inc., by Francis J. Conry, one of its employees, wrote to the Division of Architecture and Engineering, advising of the necessity for deviating from the original contract. A copy of the letter, dated April 11, 1955, was attached and marked exhibit No. 2-A.
3. The undated letter attached to the stipulation, marked exhibit B, was written by claimant notifying the Division of Architecture

and Engineering of the description of the additional work required because of the deviation from the contract.

4. On January 19, 1956, the Department of Public Works and Buildings, Division of Architecture and Engineering, advised claimant of the receipt of the undated letter, and requested a breakdown form of the extras. A true photostatic copy of said reply is attached and marked exhibit C.

5. On August 30, 1956, in reply to the letter of the Division of Architecture and Engineering of January 19, 1956, claimant forwarded to the Department of Public Works and Buildings, Department of Architecture and Engineering, an itemized breakdown of the cost of the additional work required by the deviation from the original contract, including labor and materials. A true photostatic copy of the statement is attached to the stipulation and marked exhibit D.

6. The total cost of the additional work, as disclosed by exhibit D, was $9,872.41.

7. Prior to April 10, 1957, respondent, through its Department of Public Works and Buildings, Division of Architecture and Engineering, presented to the Director of Public Welfare the claim for payment for additional work in the amount of $9,872.41 recommending favorable consideration be given it.

8. A letter was written on April 10, 1957 to the Director of the Department of Public Works and Buildings by Dr. Otto L. Bettag, Director of the Department of Public Welfare, which advised the Department of Public Works and Buildings of the action of the Division of Architecture and Engineering. It stated, however, that, due to the lapse of the appropriation for the 68th Biennium, funds to pay the claim were no longer available. A copy of this letter is attached to the stipulation and marked exhibit E.

9. Claimant is the owner of the claim in the total amount of $9,872.41, and is the only party interested therein.

10. No assignment or transfer of the claim or any interest therein has been made by claimant.

11. The fair and reasonable value, after allowing all just credits and setoffs for the labor and material furnished by claimant to complete the contract of February 18, 1954, was $9,872.41.

The Commissioner reported that he examined the exhibits and stipulation, and found them to be true and correct. He has recommended the allowance of the claim, as filed, in the amount of $9,872.41.

This Court has had occasion to pass on several matters of a similar nature, and in these previous cases we have held that an award would be made where sufficient

21

funds were available in the appropriation to pay the claim had it been received in apt time. Funds were available in the present case at the time the services were performed. The materials were furnished, and the work was satisfactorily performed and accepted by respondent. The only reason for the claim not being paid was the lapse of the appropriation from which it could have been paid.

An award is hereby made to M. J. Holleran, Inc., in the amount of $9,872.41.